IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KELVIN JONES,                              No.  CIV.S-05-1211 DAD

      Plaintiff,

  v.                                       <u>ORDER</u>

JO ANNE B. BARNHART,
Commissioner of Social
Security,

      Defendant.
_____/

      This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and/or remand and defendant's cross-motion for summary judgment.  For the reasons explained below, the decision of the Commissioner of Social Security ("Commissioner") is reversed and this matter is remanded for further proceedings.

**PROCEDURAL BACKGROUND**

      Plaintiff Kelvin Bennett Jones applied for Disability Insurance Benefits under Title II of the Social Security Act (the

1

"Act"). (Transcript (Tr.) at 135-37.) The Commissioner denied plaintiff's application initially and on reconsideration. (Tr. at 105-08, 110-13.)  Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on July 7, 2003, at which time plaintiff was represented by counsel. (Tr. at 53-102.)  In a decision issued on September 23, 2003, the ALJ determined that plaintiff was not disabled. (Tr. at 42-52.)  The ALJ entered the following findings:

> 1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 3. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(b).
>
> 4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 CFR § 404.1527).

7. The claimant has the following residual functional capacity: he is able to lift and carry up to 20 pounds occasionally, and up to 10 pounds frequently; he is able to sit for 6 hours in an 8-hour work day, and stand or walk for 6 hours; he is able to push or pull at least 20 pounds; and he is limited to no more than occasional overhead reaching.

8. The claimant is unable to perform any of his past relevant work (20 CFR § 404.1565).

9. The claimant is a "younger individual between the ages of 18 and 44" (20 CFR § 404.1563).

10. The claimant has a "high school (or high school equivalent) education" (20 CFR § 404.1564).

11. The claimant has no transferrable skills from any past relevant work (20 CFR § 404.1568).

12. The claimant has the residual functional capacity to perform a significant range of light work (20 CFR § 416.967).

13. Although the claimant's exertional limitations do not allow him to perform the full range of light work, using Medical-Vocational Rule 202.20 as a framework for decision-making, there are a significant number of jobs in the national economy that he could perform. Examples of such jobs include work as assembler (30,000 jobs in the national economy), ticket taker (8,000 jobs) or parking lot attendant (15,000 jobs).

14. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(f)).

/////

3

(Tr. at 50-51.)  The Appeals Council declined review of the ALJ's decision on April 14, 2005.  (Tr. at 6-10.)  Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing the complaint in this action on June 16, 2005.

## LEGAL STANDARD

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied.  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive.  See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion.  See Jones, 760 F.2d at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d

4

1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920. See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). This five-step process can be summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is conclusively presumed disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his or her past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995). The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Yuckert, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

Plaintiff advances three arguments in his motion for summary judgment.  First, plaintiff argues that the ALJ erred at step two of the sequential evaluation by failing to find plaintiff's alleged mental impairment to be a severe impairment.  Second, plaintiff asserts that the ALJ posed an incomplete hypothetical to the vocational expert who testified at the administrative hearing.  Third, plaintiff contends that the ALJ erred in evaluating plaintiff's testimony regarding the severity of his limitations and the impact those limitations have upon him.  The court addresses plaintiff's arguments below.

It is well-established that at step two of the sequential evaluation the ALJ must determine if the claimant has a medically severe impairment or combination of impairments.  Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at 140-41).  The purpose of step two of the sequential evaluation is merely to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account.  Yuckert, 482 U.S. at 153.  "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'"  Smolen, 80 F.3d at 1290 (citations omitted).  See also 20 C.F.R. §§ 404.1521(a), 416.921(a).

Here, the record indicates that plaintiff suffers from a mental impairment which limits his ability to work.  Specifically, on

a form dated July 1, 2002, plaintiff advised the Social Security Administration that he had recently treated with a psychologist at Kaiser Permanente for "stress." (Tr. at 148.) Numerous treatment notes made during the period April 22 through June 23, 2003, reflect that plaintiff received treatment for "stress" and "depression" by meeting with various psychologists and attending a stress management group as well as a depression group. (Tr. at 278-93.) While plaintiff initially was reluctant to take medications for this condition, the record indicates that he was first prescribed Prozac to treat his depression on May 15, 2003. (Tr. at 268, 278.) In a report dated July 15, 2003, examining psychiatrist Les P. Kalman, M.D. assessed a number of moderate and marked limitations in plaintiff's abilities to engage in various work-related mental functions. (Tr. at 294-302.) Dr. Kalman indicated that those limitations had a date of onset approximately 15 months prior to his assessment of plaintiff. (Tr. at 301.) The Axis I diagnosis was delusional disorder, persecutory type; panic disorder; depressive disorder, NOS; rule out post-traumatic stress disorder. (Tr. at 296.) The prognosis was as follows: "Mr. Jones' psychiatric condition is not expected to improve significantly within the next six months unless the patient gets on the appropriate psychotropic medications which in this case may include neuroleptics as well as

/////

/////

/////

/////

antidepressants."[1]  (Tr. at 297.)  No such improvement is indicated in the record.  Moreover, in a May 30, 2004, Agreed Medical Examination report, an examining orthopedist who considered plaintiff's physical impairments within the workers' compensation context stated: "[A]ll parties should acknowledge that there is also a pending psychiatric workers' compensation claim, with allegations of harassment, and although these issues are beyond the course and scope of my expertise, they clearly contribute to the patient's assessment of chronic pain and subjective complaints."  (Tr. at 27.)

While this evidence may not ultimately lead to a finding of disability, it is sufficient to establish that plaintiff's mental impairment has more than a minimal effect on his ability to work. Plaintiff's medical history reflects that he suffered from something more than a slight abnormality during the relevant time period. Thus, the ALJ erred at step two of the sequential evaluation in not

---

[1] In finding no severe mental impairment, the ALJ implicitly rejected the opinion of Dr. Kalman.  Distinguishing that opinion, the ALJ stated: "A psychiatric examination in July 2003 confirmed the presence of depression, anxiety and delusions of persecution, but it was noted that improvement could be expected with appropriate treatments (Exhibit 12F).  Accordingly, it is found that the claimant does not have a psychological impairment that is expected to be severe for a continuous period of at least 12 months."  (Tr. at 47.) A claimant is "disabled" for the purpose of receiving social security benefits if he is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, at least 12 months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).  However, as noted above, the record indicates no such improvement following Dr. Kalman's examination and Dr. Kalman specifically indicated that plaintiff's limitations had an onset date 15 months earlier.  (Tr. at 301.) Moreover, plaintiff's mental impairment had been present for more than 12 months.  Therefore, the ALJ failed to articulate clear and convincing reasons for rejecting the uncontradicted opinion of Dr. Kalman.  See Lester, 81 F.3d at 830-31.

finding plaintiff's alleged mental impairment to be a severe impairment.  In reaching this conclusion the court is particularly mindful that the step-two inquiry is but "a de minimis screening device to dispose of groundless claims."  Smolen, 80 F.3d at 1290 (citing Yuckert, 482 U.S. at 153-54).  See also Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir. 2001).  Remand is required so that the ALJ can proceed beyond step two of the sequential evaluation process with respect to plaintiff's severe mental impairment.  See Webb v. Barnhart, 433 F.3d 683, 688 (9th Cir. 2005)(remanding for further proceedings where "[t]he ALJ should have continued the sequential analysis beyond step two because there was not substantial evidence to show that Webb's claim was 'groundless.'").

In light of this error, it is unnecessary to address plaintiff's other arguments.  Taking into account plaintiff's severe mental impairment, the ALJ on remand will necessarily be required to re-determine plaintiff's residual functional capacity and whether plaintiff is capable of performing other work.  This in turn will require questioning of the vocational expert in a manner accounting for the limitations in plaintiff's abilities to engage in various work-related mental functions.  See Holohan v. Massanari, 246 F.3d 1195, 1208-09 (9th Cir. 2001) (explaining testimony from vocational expert was necessary because claimant had severe mental, rather than physical, impairment).

The ALJ also will be required to re-evaluate plaintiff's testimony and subjective complaints in light of the severe mental impairment.  Sanchez v. Apfel, 85 F. Supp. 2d 986, 993 n.10 (C.D.

Cal. 2000)("Having concluded that a remand is appropriate because the ALJ erred in ending the sequential evaluation at Step Two, this Court need not consider the issue of plaintiff's credibility."). The ALJ's credibility analysis in his decision considered and addressed only plaintiff's allegations regarding his physical impairments. (Tr. at 48.) The ALJ never evaluated plaintiff's credibility with respect to any mental impairment or the combined effects of his impairments. Accordingly, on remand the ALJ shall evaluate plaintiff's subjective testimony regarding <u>all</u> of his impairments.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment and/or remand is granted;

2. Defendant's cross-motion for summary judgment is denied; and

3. The decision of the Commissioner of Social Security is reversed and this case is remanded for rehearing consistent with the analysis set forth herein. <u>See</u> 42 U.S.C. § 405(g), Sentence Four.

DATED: September 14, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
ddad1\orders.socsec\jones1211.order

10